**MICHAEL A. CISNEROS**
ATTORNEY AT LAW
50 WEST LEMON AVENUE
SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692  FAX: (626) 359-3728

Michael A. Cisneros, SBN 105483
mcisneros@mac.com

Attorneys for Defendant, Yonngming Sui

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – Riverside Division

| | |
|---|---|
| In re: | Chapter 11 |
| YONGMING SUI, an individual -also known as Steven Sui | CASE NO. 6:19-bk-10781MW |
| | ADV. NO. |
| Debtor | |
| YONGMING SUI, an individual -also known as Steven Sui | COMPLAINT FOR AN INJUNCTION PURSUANT TO 11 U.S.C. §105(a) |
| Plaintiff, | Date:<br>Time: |
| vs. | Place:  Courtroom "225"<br>3420 Twelfth Avenue |
| PAO SHENG YANG, an individual; and GRG MANUFACTURING, INC., a California corporation | Riverside, CA 92501 |
| Defendants | |

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW**, Steven Yongming Sui, ("Debtor" and/or "Plaintiff"), hereby alleges:

## NATURE OF ACTION

1.      This is an adversary proceeding seeking injunctive relief pursuant to 11 U.S.C. §105 and Federal Rule of Bankruptcy Procedure Rule 7001(7) to prevent Pao Sheng Yang and GRG

Manufacturing, Inc., a California corporation ("Defendants" and/or "Judgment Creditors"), from taking actions to enforce the Judgment (defined hereinbelow) against the Entities (defined hereinbelow), which have the effect of harming the value of Debtor's stock interests in the Entities to the detriment of the yet to be appointed Chapter 7 Trustee who has not had an opportunity to investigate Debtor's assets and get the highest value possible for these assets.

## JURISDICTION AND VENUE

2. This adversary proceeding arises under title 11 of the United States Code, or arises in or is related to the Chapter 11 Bankruptcy Case of Debtor, within the meaning of 28 U.S.C. §1334(b). The Court therefore has subject jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 (B)(2)(A) and (O).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (O).

4. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1408 and 1409.

## PARTIES

5. Defendants are creditors of Debtor's bankruptcy estate.

6. Debtor is in an individual, originally operating as a Debtor-in-Possession pursuant to 11 U.S.C. §1101(1). Pursuant to an Order entered on May 16, 2019, the Debtor's Chapter 11 case was converted to Chapter 7, however no Trustee has yet been appointed.

## STATEMENT OF FACTS

7. Debtor is an owner, officer, and director of both RFS Sports, Inc. and Field Sport, Inc. (RFS Sports, Inc. and Field Sport, Inc., collectively the "Entities"). While the precise stock ownership of Debtor is in dispute, the parties agree that Debtor has an ownership interest in the Entities. Field Sport, Inc. was formed in or about 2009, and RFS Sports, Inc. was formed in or about 2013. The Entities are in the business of manufacturing and distributing optics, parts, and other gun accessories used in sports and hunting. The Entities employ approximately 10 individuals.

8. In or about 2011, Judgment Creditor and Issac Tse, alleged shareholders of Field Sport, Inc., were arrested for manufacturing and selling a counterfeit mark and possession of an

assault weapon. Debtor was also arrested for manufacturing and selling a counterfeit mark and possession of an assault weapon. Both the Judgment Creditor and Mr. Tse pled guilty and were sentenced in their respective criminal cases. Debtor pled not guilty, and the criminal case against him was dismissed.

9. After the Judgment Creditor's arrest, the Judgment Creditor's relationship with Debtor, RFS Sports, Inc., and Field Sport, Inc. deteriorated, which ultimately led the Judgment Creditor to file a complaint on March 18, 2014 for, inter alia, breach of fiduciary duty and fraudulent conveyance against Mr. Sui, Field Sport, Inc., and RFS Sports, Inc., thereby commencing *Pao Sheng Yang v Field Sport, Inc., et al*, Styled Case Number CIVRS1401546 (the "Lawsuit"). After a jury trial, on or about September 21, 2018, the Superior Court entered a judgment in the lawsuit against Debtor, Field Sport, Inc., and RFS Sports, Inc. (the "Judgment"). The Entities and Debtor dispute the Judgment, and therefore they filed an appeal on or about January 2, 2019.

10. Prior to the bankruptcy filings, the Judgment Creditor sought to disrupt Debtor and the Entities' business by preventing the Entities from having the means to operate and Debtor from having the means to pay his living expenses through levying the Debtor's and the Entities' bank accounts, thereby depleting their cash on hand. It was only a matter of time before the Entities would be forced to close their doors, harming Debtor, the Entities, the Entities' employees, the Debtor's creditors, and Entities' creditors (who have claims of equal magnitude to that of the Judgment Creditor). Accordingly, as discussed below, Debtor and the Entities hastily hired inexperienced counsel who proved lacking in sufficient experience to adequately represent them in the Chapter 11 cases.

11. On or about January 18, 2019, the Entities, through their attorney Javier Castillo, each filed Chapter 11 Bankruptcy Petitions. In addition, on or about January 30, 2019, Debtor, through his attorney Javier Castillo, filed a Chapter 11 Bankruptcy Petition.

12. Mr. Castillo's representation of Debtor and the Entities and his handling of the bankruptcy cases was ineffective, resulting in Debtor and the Entities retaining new counsel just two months after the Petition Date. Debtor retained Michael Cisneros on or about April 15, 2019 and the Entities retained Haberbush & Associates, LLP on or about April 2, 2019.

13. In the Debtor and the Entities' bankruptcy cases, due to ineffective assistance of counsel, the debtors were not in compliance with the United States Trustee Guidelines and Requirements. As a result, the Court entered orders in the bankruptcy cases mandating that the Debtor and Entities comply with the United States Trustee Guidelines and Requirements. As discussed below, the Entities and Debtor could not comply with the United States Trustee Guidelines and Requirements. Consequently, the Entities' bankruptcy cases were dismissed and the Debtor's Chapter 11 bankruptcy case was converted to a Chapter 7 bankruptcy case.

14. The Court held a status conference in the Entities' bankruptcy cases on March 14, 2019. As a result of the status conference, the Court entered an Order Requiring Compliance with United States Trustee Requirements and Continuing Status Conference. Pursuant to the order, the Court continued the status conference to April 11, 2019 and ordered that the Entities comply with the United States Guidelines and requirements by March 28, 2019.

15. At the status conference on April 11, 2019, the Entities requested the Court dismiss their respective bankruptcy cases. However, the Entities would not agree to a bar to re-filing. The Court entered an Order Dismissing Case With a Temporary Bar to Re-filing in each Entity's bankruptcy case (the "Dismissal Orders"). Pursuant to the Dismissal Orders, the Court dismissed the Entities' bankruptcy cases, issued a temporary bar to re-filing a bankruptcy case until May 7, 2019, scheduled a hearing for May 7, 2019 on the sole issue of whether a bar to re-filing should be imposed, and gave the parties a briefing schedule.

16. In Debtor's Chapter 11 case, the Court held a status conference on April 19, 2019. As a result of the status conference, the Court entered an Order Requiring Compliance with United States Trustee Requirements and Continuing Status Conference. Pursuant to the order, the Court continued the status conference to May 7, 2019 and ordered that the Debtor comply with the United States Guidelines and requirements by May 3, 2019.

17. On or about April 24, 2019, the United States Trustee and the Judgment Creditor each filed Motions to Dismiss the Debtor's Chapter 11 case or, in the alternative, to Convert the Case to Chapter 7 (the "Motion to Dismiss or Convert"). A hearing on the Motions to Dismiss or Convert was set for May 7, 2019.

18. At the hearings on May 7, 2019, the Court granted the UST Motion to Convert. On May 16, 2019, an order converting Debtor's bankruptcy case was entered. As a result, the Chapter 7 Trustee has not yet been appointed.

19. As stated above, the Court held a hearing on May 7, 2019 to determine whether to impose a bar and prevent the Entities from re-filing a bankruptcy case for a specified amount of time. As indicated in the Transcript, at the hearing, the Court expressed concerns over whether the Chapter 7 Trustee to be appointed in Debtor's case would have any interest in the Entities and if so, what those interests were. In addition, the Court was concerned about protecting the interests of the other creditors in the cases, the employees and other parties in interest. Accordingly, the Court imposed a limited bar to re-filing until July 7, 2019. The Court entered an order on May 9, 2019 detailing the reasons for the limited bar to re-filing (the "May 9, 2019 Order").

20. The primary reason the Court would not allow the Entities to re-file a bankruptcy was to try to keep the status quo and allow the Chapter 7 Trustee to be appointed in Debtor's case to determine what rights, if any, he or she would have to the Entities. The Court also indicated that it would "proceed cautiously here." This was due to the many complexities existing between the Entities and Debtor.

21. On or about April 18, 2019, the Judgment Creditors filed for a writ of possession in the Lawsuit. Therefore, the Judgment Creditors will proceed pursuant to the writ of possession in the near future.

22. Additionally, on or about April 23, 2019 and again on May 6, 2019, the Judgment Creditors sought to enforce levies on the Entities' bank accounts.

23. The actions taken by the Judgment Creditor since the Entities' Chapter 11 cases have been dismissed show that the Judgment Creditor's motive is to drive the Entities out of business by seizing all assets necessary to operate. More importantly, due to how quickly the Judgment Creditor acted after the Entities' bankruptcy cases were dismissed (while the Entities were temporarily barred from re-filing), the motive of the Judgment Creditor, and the docket for the Lawsuit showing a writ of possession has been issued, it is clear the Judgment Creditor is continuing to take actions to gain control over the Entities' personal property, thereby depriving them of their ability to operate. These

actions will effectively destroy the value of the Entities, and as a result, destroy the Chapter 7 Trustee's interest in the Entities. If the Entities' assets are seized and/or the Entities cannot operate due to the collection activities of Judgment Creditor, the value of Debtor's stock interest in the Entities will necessarily be harmed to the detriment of the yet to be appointed Chapter 7 Trustee who will not have had an opportunity to investigate Debtor's assets.

## CLAIM FOR RELIEF

**(Injunction Pursuant To 11 U.S.C. § 105; Federal Rule of Bankruptcy Procedure 7001(7))**

24.     The Debtor hereby realleges and incorporates each of the above paragraphs as though fully set forth herein.

25.     This is a claim for an injunction brought pursuant to 11 U.S.C. §105(a) and Federal Rules of Bankruptcy Procedure 7001(7) and 7065.

26.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

27.     An injunction from this Court pursuant to 11 U.S.C. §105(a) and Federal Rule of Civil Procedure 7065 is warranted in this case because, according to the hearings in the Debtor and Entities' cases on May 7, 2019 and as reflected in the May 9, 2019 Order, the Court was concerned about protecting all of the creditors and giving the Chapter 7 Trustee in Debtor's estate time to determine his or her interests in the Entities and take any necessary actions with respect to those interests when it imposed a limited bar to the Entities re-filing a bankruptcy case. Notwithstanding this, any actions the Judgment Creditors have taken and intend to take in relation to the Entities has and/or will negatively impact the Debtor's estate's interests in the Entities and potentially harm Debtor's other creditors as well as the creditors of the Entities. This will necessarily negatively impact the value of Debtor's stock interests in the Entities and harm the Chapter 7 Trustee's ability to get value for these assets. Therefore, an injunction prohibiting the Judgment Creditors from taking any further action against the Entities is warranted.

28.     Based on each of the facts alleged herein, including the facts set forth specifically in the preceding paragraph, the Debtor's estate will suffer irreparable harm if the Defendants' actions to

enforce the Judgment are not enjoined. Further, Debtor will suffer irreparable harm if the Defendants actions are not enjoined because Debtor has an interest in obtaining the highest value possible for his stock interests in the Entities so that Judgment Creditor can be paid as much as possible.

29. The likelihood of irreparable harm to the Debtor and his bankruptcy estate in the absence of the requested injunction far outweighs any conceivable harm to the Defendant if the requested injunction is granted. The balance of the hardships tip strongly in Debtor's favor. The failure to grant an injunction will have substantial and harmful results for the Debtor, Debtor's bankruptcy estate, and Debtor's creditors. In contrast, an injunction prohibiting Defendants from proceeding with the enforcement of the Judgment against the Entities will allow Debtor to preserve assets of the estate and allow the Chapter 7 Trustee time to administer estate property in an efficient and cost-effective manner, pay Debtor's creditors, and treat creditors fairly. Moreover, there is no harm to Judgment Creditors because the Debtor is taking all steps necessary to ensure the status quo of the Entities is maintained pending an investigation by the Chapter 7 Trustee.

30. Granting the requested injunctive relief will be in the public interest.

31. Thus, injunctive relief enjoining the Defendants from taking any and all actions to enforce the Judgment against the Entities, which have the effect of harming the value of Debtor's stock interests in the Entities, from the date hereof through the earlier of (a) the conclusion of the Chapter 7 Trustee's administration of Debtor's estate, or (b) further Order of the Court is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court issue an injunction prohibiting Defendants from taking any action to enforce their Judgment against the Entities in any respect whatsoever until the earlier of (a) the conclusion of the Chapter 7 Trustee's administration of the Debtor's estate, or (b) further order of this Court; and

///
///
///
///

2. For such other and further relief as the Court may deem just and proper.

Date: May 17, 2019

MICHAEL A. CISNEROS
Attorney at Law

By: _____
Michael Anthony Cisneros
Attorneys for Plaintiff
Yongming Sui